Affirmed and Memorandum Opinion filed February 9, 2006









Affirmed and Memorandum Opinion filed February 9, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-01128-CR

NO. 14-04-01129-CR

 

_______________

 

ERIN GLYNNE WILSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________

 

On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause Nos. 03CR1243 &
03CR1244

_______________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Erin
Glynne Wilson appeals two convictions for aggravated sexual assault of a child[1]  on the ground that there was no evidence that
he touched the child=s genitals with his sexual organ or his mouth, as
alleged.  See Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(i), (iii);(a)(2)(B)
(Vernon Supp. 2005).  We affirm.








In
reviewing legal sufficiency, we view all of the evidence in the light most
favorable to the verdict to determine whether a rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Pribble v. State, 175
S.W.3d 724, 729-30 (Tex. Crim. App. 2005), cert. denied, __ U.S. __, 126
S. Ct. 481 (2005).

In
this case, the evidence showing the alleged contact included the
following.  The complainant=s mother testified that her four year
old daughter told her that she went to take a nap with her clothes on but
awakened with her clothes being pulled down and appellant licking her Abutt and tee-tee.@ 
The complainant also stated that she tried to pull her clothes back up
but appellant pulled them back down.  The
mother inquired whether it was John, the appellant=s stepfather, whom the complainant
was referring to, but the complainant reiterated that it was appellant who had
licked her, stating, in particular: ANo, not Mr. John.  That boy,@ referring to appellant.








After
the complainant made this outcry statement to her mother, she was interviewed
by Carmen Crabtree, a forensic interviewer at the Advocacy Center for Children,
and the video of that interview was played for the jury.  During the video, the complainant: (1)
identified body parts correctly as inquired of her; (2) stated that her
babysitter, appellant=s mother, made her take a nap on appellant=s bed and when she woke up her shorts
and underwear were pulled down to her knees and appellant was licking her Abutt@ and Aprivate@; (3) marked with a crayon where the Aprivate@ is on a picture provided to her by
Crabtree; (4) explained that a boy=s Aspecial part@ is called a tee-tee, that she saw
appellant=s body but that she didn=t want to look at his Atee-tee@ and that it looked like her dad=s; (5) stated that appellant=s Atee-tee@ touched her Atee-tee@ and pointed to her sexual organ to
show where it was; (6) remarked that it felt like Apee@ when he touched her Atee-tee@ with his; (7) demonstrated, using a
boy and girl doll, that both she and appellant were laying on their sides
facing each other when appellant put his Atee-tee@ on hers and Amade his tee-tee touch [hers]@; and (8) said that appellant=s Atee-tee@ did not go inside hers but just
touched hers and that she saw a drop of pee on it.[2]

Viewed
in the light most favorable to the verdict, the foregoing evidence is legally
sufficient to prove the alleged touching. 
Accordingly, appellant=s issue is overruled and the judgment of the trial court is
affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed February 9, 2006.

Panel consists of
Justices Fowler, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty of aggravated sexual assault in Cause Nos. 03CR1243 and
03CR1244 and assessed punishment at five years confinement in each cause to run
concurrently.





[2]           Although
appellant correctly points out that the complainant, two years later at trial,
testified that no part of a boy touched or licked her Atee-tee,@she also
stated repeatedly there that she did not want to talk about what happened and
that she Aforgot@ what happened. 
She testified that something happened to her Atee-tee@ but
that she did not want to talk about it. 
She stated that after appellant left the room, she heard his mother
screaming at him.  Moreover, the
complainant testified that she remembered telling Crabtree what appellant did
to her and that what she had told Crabtree during the videotaped interview was
the truth but that it was too hard for her to say in court.